{¶ 42} I agree that the trial court did shortcut Peterseim by assuming the basis for Burnett's motion to withdraw. For me the remaining question is whether Burnett was prejudiced. From this record, I conclude that he was not. I would, therefore, find the trial court's error harmless, and overrule the first assignment.
 {¶ 43} Here, as in Forest, supra, Burnett — when he entered his plea acknowledged his awareness of the minimum and maximum sentences the trial court could impose, and that the trial court was not bound by the State's recommendation of community control sanctions.
 {¶ 44} Although the trial court overruled the motion to withdraw without hearing an explanation from Burnett or his counsel for seeking withdrawal, it is clear from the statements of counsel after the motion was denied, quoted in the majority opinion, that unhappiness with a prison term was the only reason for the motion. As has been held in many cases, including Forest, this was no more than a change of heart and not a legitimate basis for withdrawing a guilty plea.
 {¶ 45} By not considering whether Burnett was prejudiced by the trial court's action, the majority accords the trial court's action the status of structural error, a status which is "rare and limited to exceptional cases." See State v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471, at 396-397 (Moyer, C.J., concurring). While I agree that the trial court erred, in my judgment — on this record — the error was not structural.
 {¶ 46} I agree with the majority's disposition of the second assignment and would affirm the judgment appealed from.